IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SONNY OWENS,

     Plaintiff,

v.                               Civil Action No. 5:10CV60
                                            (STAMP)
JIM RUBENSTEIN, ADRIAN HOKE,
DR. DAVID PROCTOR, CAPT. BALDUCCI,
and WEXFORD HEALTH SERVICES,

     Defendants.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] plaintiff, Sonny Owens, commenced this civil action by filing a complaint.  The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections.  For the reasons set forth below,

_____

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

this Court affirms and adopts the magistrate judge's report and recommendation.

## II.  Facts

In his complaint, the plaintiff alleges that the staff at Huttonsville Correctional Center are denying him needed hip replacement surgery.  He contends that he is in "great pain," and has "trouble walking and getting out of bed."  Furthermore, he claims that he fell and injured himself after he was denied necessary medical passes.  Following this fall, he states that he was given only a cursory medical examination by a nurse and that Captain Balducci and Dr. Proctor failed to help him.  Although not explicitly stated, the magistrate judge determined that the plaintiff is claiming that he received inadequate medical treatment in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

## III.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, because the plaintiff filed

objections, this Court reviews the report and recommendation <u>de novo</u>.

## IV. <u>Discussion</u>

Although the plaintiff does not cite a jurisdictional basis for his claims, this Court agrees with the magistrate judge that the plaintiff appears to assert that his Eighth Amendment constitutional rights were violated. Accordingly, this Court construes the plaintiff's complaint as arising under 42 U.S.C. § 1983. Title 42, United States Code, Section 1983 provides redress for state action which deprives a citizen of a right, privilege or immunity ensured by the Constitution or law of the United States. <u>See</u> 42 U.S.C. § 1983.

### A. <u>Wexford Medical Health Service</u>

Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law. Wexford Medical Health Service does not constitute "person[s]" for the purpose of 42 U.S.C. § 1983. <u>See</u> <u>Will v. Mich. Dept. of State Police</u>, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under "1983"); <u>see also</u> <u>Roach v. Burch</u>, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); <u>Preval v. Reno</u>, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983").

Therefore, this Court must affirm the magistrate judge's conclusion that Wexford Medical Health Service is not a proper party to this action and should be dismissed.

B.  <u>Jim Rubenstein and Adrian Hoke</u>

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant."  <u>Migdal v. Rowe Price-Fleming Int'l, Inc.</u>, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).  This is especially true in a § 1983 action where liability is personal.  <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001).  Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown.  <u>See</u> <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986).

In this case, the plaintiff neither makes any specific allegations against defendants Rubenstein or Hoke, nor asserts that they were personally involved in any violation of the plaintiff's constitutional rights.  Rather, as the magistrate judge recognized, it appears that the plaintiff names defendants Rubenstein and Hoke in either their official or supervisory capacities as the

Commissioner of the West Virginia Division of Corrections and Warden of the Huttonsville Correctional Center, respectively.

An official capacity suit is to be treated as a suit against the entity, here the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. This Court finds that the plaintiff fails to assert that an official policy or custom played a role in the alleged violation of his constitutional rights. Accordingly, the plaintiff cannot maintain his official capacity claim against these defendants.

As to supervisory liability, the magistrate judge correctly noted that there is no respondeat superior liability pursuant to § 1983. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 658 (1978). Rather, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982), abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or

constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994), <u>cert. denied</u>, 513 U.S. 813 (1994).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that reveal the presence of the required elements of supervisory liability. This Court agrees. Thus, the plaintiff has failed to state a claim against either defendant Rubenstein or Hoke, and he cannot maintain an action against them.[2]

C. <u>Captain Balducci and Dr. Proctor</u>

The plaintiff has failed to state a claim upon which relief may be granted as against these defendants. A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. <u>Estelle v. Gamble</u>,

_____

[2]To the extent that the plaintiff asserts that either defendant Rubenstein or Hoke were deliberately indifferent to his serious medical needs by denying his administrative grievances, or by failing to respond to such grievances, that claim is also without merit because this is not the type of personal involvement required to state a claim. <u>See</u> <u>Paige v. Kupec</u>, 2003 WL 23274357, at *1 (D.Md. Mar. 31, 2003).

429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

1.  <u>Failure to Provide Medical Passes</u>

The plaintiff fails to allege that any of the named defendants were involved in failing to issue the medical passes. Accordingly, the plaintiff cannot assert a viable claim against any of the named defendants as to this issue.

2.  <u>Plaintiff's Treatment After His Fall</u>

The plaintiff asserts that after his fall, he was only given a cursory examination by a nurse. Thereafter, he approached Captain Balducci for help with his medical needs, at which time Captain Balducci told the plaintiff that he could not override the nurse's decision. Nevertheless, the plaintiff concedes that Captain Balducci thereafter spoke to the nurse who agreed to telephone Dr. Proctor. Dr. Proctor then ordered that the plaintiff be placed in medical observation, which was done. Based upon these facts, the plaintiff has failed to show Captain Balducci was involved in any violation of his constitutional rights. Captain Balducci is, therefore, dismissed.

As to Dr. Proctor, it appears that he was not even at the facility on the date the plaintiff fell and was injured. When consulted by telephone, Dr. Proctor ordered that the plaintiff be placed in medical observation. He examined the plaintiff the next day. The plaintiff has not shown that Dr. Proctor denied him medical treatment or that the medical treatment prescribed was inappropriate.

3. <u>Plaintiff's Hip Replacement Surgery</u>

The plaintiff has failed to establish that the named defendants violated his Eighth Amendment rights with regard to a hip replacement surgery. The plaintiff has not proven that any such surgery is medically necessary, or that Captain Balducci or Dr. Proctor denied him such surgery.

V. <u>Conclusion</u>

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections thereto lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's claims against defendants Rubenstein, Balducci, and Wexford Medical Health Service are DISMISSED WITH PREJUDICE. The plaintiff's claims against defendants Hoke and Dr. Proctor are DISMISSED WITHOUT PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objections was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to

counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: August 16, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE